FILED
2021 Aug-16 PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | 7:18-cr-00459-LSC-GMB-1 |
| ) | |
| CARLOS DE AZA ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF OPINION AND ORDER**

**I.  Introduction**

The Court has before it Defendant Carlos De Aza's ("Aza's") Motion for Extension of Time to File a Petition under 28 U.S.C. § 2255. (Doc. 63.) The motion is due to be denied for lack of jurisdiction.

**II.  Background**

Aza's sentence results from his conviction by a jury of possession with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (count 1), possession of a firearm in furtherance of a drug trafficking crime

in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count 2), and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (count 3).

This Court sentenced Aza to a term of imprisonment of 300 months as to counts 1 and 3, separately, with each count to run concurrently with the other, plus a term of imprisonment of 60 months as to count 2, with the sentence in count 2 to run consecutively with the sentence imposed in counts 1 and 3, for a total term of 360 months. Judgment was entered on July 30, 2019.

Aza appealed, and the Eleventh Circuit Court of Appeals affirmed Aza's convictions and sentence in an opinion issued on September 10, 2020. Aza did not petition the United States Supreme Court for a writ of certiorari.

Aza has not yet filed a motion pursuant to § 2255, but on August 10, 2021, Aza filed the instant motion requesting an extension of the one-year statutory period to file a petition pursuant to § 2255. Aza bases his request on difficulty preparing his petition due to COVID-19 restrictions in place at Federal Correctional Institution (FCI) Yazoo City Medium. Doc. 63.

### III. Discussion

In *Swichkow v. United States*, 565 Fed. App'x 840, 843-44 (11th Cir. 2014), the Eleventh Circuit held that a district court lacks jurisdiction to consider a request for extension of time to file a § 2255 motion where no formal request for habeas relief

has been made. In doing so, the court considered the approaches of its sister circuits and found the reasoning of the Second Circuit in *United States v. Leon*, 203 F. 3d 162 (2d Cir. 2000) to be persuasive based on existing caselaw treating a habeas proceeding as a separate civil post-conviction action rather than a continuation of the criminal case. Swichkow, 565 Fed. App'x at 843. Absent a formal request for habeas relief, no live controversy exists, and the court cannot consider the timeliness issue without contravening the case or controversy requirement of Article III. *Id.* at 843-44. Other circuits have also followed this reasoning.

*Pro se* pleadings are subject to more lenient standards than those prepared by attorneys, and "[u]nder a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner has labeled differently." *Castro v. United States*, 540 U.S. 375, 377 (2003). A court may even construe a request for an extension of the limitations period under § 2255 as a substantive motion if the request presents the claims that the movant would include a substantive motion. *See Stewart v. United States*, 646 F.3d 856, 857 n. 1 (11th Cir. 2011) (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)) ("Where a [*pro se*] motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under *Haines* to treat that

motion as a substantive motion for relief under section 2255."). When the movant fails to provide any of the claims that he would present in a § 2255 motion, however, the request cannot be construed as a substantive motion. *See Swichkow*, 565 Fed. App'x at 842-43 (district court could not construe requests for extension of § 2255 limitations period as substantive § 2255 motion because requests did not state any of the claims for relief that would be raised in § 2255 motion); *Green v. United States*, 260 F.3d 78, 83-84 (2nd Cir. 2001) (because request for extension of time to file § 2255 motion did not articulate any basis in fact or law for relief under § 2255, district court did not err by failing to treat request as substantive § 2255 motion); Rule 2(b) of the *Rules Governing Section 2255 Proceedings* (§ 2255 motion must specify all grounds for relief, state facts supporting each ground, and state relief requested).

    Aza has not filed a § 2255 motion, and his request for an extension of time to file cannot be construed as a § 2255 motion. As a *pro se* movant, Aza's motion is liberally construed, but he has not presented any claims that he would raise in a substantive § 2255 motion in his request for an extension of time to file. He has merely explained the reasons why he believes he is entitled to the extension he requests, such as troubles accessing the prison law library due to COVID-19 restrictions. Absent any statement of the grounds for relief, Aza's request cannot be construed as a substantive motion. Without a live controversy, the court lacks

jurisdiction to consider his request. If Aza files a § 2255 motion, the district court may then consider his argument that such motion should be considered timely.

## IV. Conclusion

For the aforementioned reasons, Aza's request for an extension of time to file a petition pursuant to § 2255 (Doc. 63) is hereby denied.

**DONE** AND **ORDERED** ON AUGUST 16, 2021.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
206728